CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 0 8 2013
for Roanoke
JULIA C. DUDLEY, CLERK
BY: Pam Coleman
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **RUSSELL BROWNING,** | ) | **CASE NO. 7:13CV00203** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | |
| **ADMINISTRATION AND STAFF AT** | ) | |
| **KEEN MOUNTAIN CORR. CENTER,** | ) | **By: Norman K. Moon** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

Russell Browning, a Virginia inmate proceeding *pro se*, filed a pleading styled as a "Motion for a Temporary Restraining Order," which I also construe as a civil rights complaint pursuant to 42 U.S.C. § 1983. Upon review of the record, I find that the action must be summarily dismissed.

### I

Browning alleges that the "administration and staff at Keen Mountain Correctional Center" have repeatedly tried to force him into the general population of that level four prison facility, although he has "level one security points." When Browning refuses to enter the general population for "safety reasons," officials charge him with disciplinary infractions, and repeated infractions will adversely affect his good conduct time and parole prospects and end with his transfer to a higher security facility. Finally, Browning asserts that he should not have been transferred to Keen Mountain at all. As relief in this action, he seeks a temporary restraining order.

### II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious,

or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To state a claim for relief under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988).  Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Browning cannot pursue his claims against "staff" or "administration," the only defendants he has named, as these groups of people do not qualify, jointly, as "persons" subject to suit under § 1983. *West, supra.*  In any event, Browning's allegations do not provide a factual basis for any constitutional claim against anyone.  As an inmate, he has no constitutional right to be housed in any particular prison or security level. *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976).  Moreover, because Browning fails to state facts indicating that he will suffer injury if injunctive relief is not granted before the adverse party could be notified and have an opportunity to respond, he does not demonstrate grounds for the only relief he seeks.  *See* Fed. R. Civ. P. 65(b).

For the reasons stated, I will deny Browning's motion for temporary restraining order and dismiss this civil action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER:  This 8th day of May, 2013.

United States District Judge

2